UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL GITTEMEIER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:18-CV-966 SRW |
| | ) |
| DON PHILLIPS AND DOMINIQUE | ) |
| CUTTS,[1] | ) |
| | ) |
| Respondent(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion to Alter or Amend Judgment, or in the Alternative for a Certificate of Appealability, together with a Memorandum in Support. (ECF No. 25, 26). Respondents filed a response in opposition. (ECF No. 28). No reply has been filed, and the time for doing so has passed. Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the Motion to Alter or Amend Judgment, or for a Certificate of Appealability, is denied.

**I.   PROCEDURAL HISTORY**

Petitioner was convicted of driving while intoxicated and trespass in the first degree and sentenced to 15 years in prison. After completing his appeals and post-conviction relief in state court, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Petitioner asserted eight grounds for relief in his petition. In his first ground he claimed

---

[1] During the pendency of this case, the Board of Probation and Parole released Petitioner on parole, and he is no longer incarcerated in a correctional facility. Pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent is the state officer who has custody. Therefore, Don Phillips, Chairman of the Division of Probation and Parole, and Dominque Cutts, the parole officer responsible for supervising Petitioner, should be substituted in lieu of Terri Lawson as proper party respondents. *See* 28 U.S.C. § 2254, Rule 2(b), Advisory Committee Notes.

1

his conviction was not supported by sufficient evidence. In the remaining seven grounds, he asserted various ineffective assistance of counsel claims. The Court denied the petition and did not grant a certificate of appealability on any ground. (ECF No. 23). Petitioner now asks the Court to reconsider its denial of his petition or, in the alternative, to grant him a certificate of appealability.

## II. DISCUSSION

### A. Motion to Alter or Amend Judgment

Federal Rule of Civil Procedure 59(e) allows a party to seek to alter or amend a judgment within 28 days after the entry of the judgment. Rule 59(e) was adopted to make clear that the district court possesses the power "'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982)). Rule 59(e) motions are used to correct "manifest errors of law or fact, or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998); and *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir.1988)). "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S. Ct. at 1703.

Relief pursuant to this rule is subject to a court's broad discretion. *Briscoe v. Cty. of St. Louis, Mo.*, 690 F.3d 1004, 1015-16 (8th Cir. 2012). A court abuses its discretion when it fails to consider an important factor, assigns significant weight to an irrelevant or improper factor, or commits a clear error of judgment weighing those factors. *Simmons v. United States*, No. 4:11CV01983 ERW, 2013 WL 798046, at *3 (E.D. Mo. March 5, 2013) (citing *Rattray v.*

*Woodbury Cty., Iowa*, 908 F. Supp. 2d 976, 1008 (N.D. Iowa 2012)). A court does not abuse its discretion in denying a Rule 59 motion when the purpose of the motion is to repeat arguments the district court already rejected. *See Preston v. City of Pleasant Hill*, 642 F.3d 646, 652 (8th Cir. 2011).

1. Sufficiency of the Evidence

The petition first argued Petitioner's conviction for driving while intoxicated was not supported by sufficient evidence. In his Rule 59(e) motion, Petitioner notes this Court found the Missouri Court of Appeals' holding that sufficient evidence existed to show Petitioner drove the ATV while intoxicated was neither incorrect nor an objectively unreasonable application of clearly established law. This Court also found that the appellate court did not make an unreasonable determination of the facts and identified the correct controlling authority. (ECF No. 26, at 6).

The Court has carefully considered Petitioner's Rule 59(e) Motion as it relates to this claim. The Court does not find any manifest errors of law or fact which need to be corrected, nor did Petitioner present any newly discovered evidence. Petitioner states that a sufficiency of the evidence claim is "fact-intensive" and "deserving of further scrutiny on appeal." *Id.* at 7. He further alleges this issue could be resolved differently and "deserves further proceedings." *Id.* However, a court reviewing a sufficiency of the evidence decision "considers only the 'legal' question 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original)). If the reviewing court so finds, sufficient evidence supports the conviction, and due process has been satisfied. *Jackson*, 443 U.S. at 319.

This Court only has the purview to grant relief if, in viewing the evidence in the light most favorable to the prosecution, the jury's finding of guilt was so "insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 640, 656 (2012). That did not occur in Petitioner's case. Petitioner was observed driving his ATV with a bottle of liquor in his hand, smelled of alcohol, and was visibly intoxicated at the time of his arrest. (ECF No. 23, at 2, 7-9). Petitioner's blood alcohol content, hours after his arrest, was still well over the legal limit. *Id*. More than bare rationality supports the jury's finding that Petitioner was guilty of driving while intoxicated. Petitioner's Motion to Alter or Amend the Judgment will be denied as to the sufficiency of the evidence claim.

2. Ineffective Assistance of Counsel Claims

The Petitioner also alleged seven claims of ineffective assistance of counsel as grounds two through eight. Petitioner claims the Court erred in finding the *Martinez* exception did not apply to the procedural default of his ineffective assistance of counsel claims. In response, the State argues Petitioner's motion repeats his arguments from his petition as to the merits of his grounds for relief, and thus provides no basis for reconsideration under Rule 59(e).

In this case, Petitioner filed a pro se Rule 29.15 motion raising a single claim that his trial counsel was ineffective for failing to challenge whether an ATV is a motor vehicle under Missouri law. (ECF No. 9-7, at 11). The circuit court then appointed counsel who moved for, and was granted, a 30-day extension of time to file an amended motion. Petitioner retained private motion counsel who moved for an additional 60-day extension of time to file an amended PCR motion. (ECF No. 9-7, at 4). The motion court rescinded the appointment of counsel and granted private counsel's motion for an extension of time to file an amended PCR motion. *Id.* Private counsel filed an amended PCR motion asserting 23 claims of ineffective assistance of counsel.

4

The amended PCR motions raised all but ground seven of the claims raised in the federal habeas petition. The circuit court held an evidentiary hearing on the amended PCR motion and denied all 23 claims. (ECF No. 9-7, at 62-73). Petitioner appealed. The Missouri Court of Appeals, Eastern District, prepared an opinion, but ultimately transferred the case to the Supreme Court of Missouri. (ECF No. 9-11); and *Gittemeier v. State,* 527 S.W.3d 64 (Mo. 2017).

The Supreme Court of Missouri held the amended PCR motion was filed after the mandatory deadline as clarified in *Stanley v. State*, 420 S.W.3d 532 (Mo. 2014). *Stanley* determined Rule 29.15(g) allows a circuit court to extend the time for filing an amended motion for only one additional period, no longer than 30 days. Petitioner's private motion counsel requested and received an extension of time to file his amended motion under authority the circuit court did not have; therefore, the amended PCR motion was ruled untimely. *Gittemeier*, 527 S.W.3d at 68. The Supreme Court of Missouri only considered the issue raised in Petitioner's pro se motion, which is a claim not presented to this Court. *Id.* at 71-72.

"[A] state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing 28 U.S.C. § 2254(b)(1)(A)). Exhaustion requires "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848)).

The Court found Petitioner's ineffective assistance of counsel claims were procedurally defaulted. Petitioner could avoid procedural default only by showing that there was cause for the default and resulting prejudice, or that a miscarriage of justice will result from enforcing the

5

procedural default in Petitioner's case. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 90–91 (1977). In order to establish cause, Petitioner must show that "some objective factor external to the defense" prevented his compliance with a state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). As the *Stanley* decision was determined after the circuit court granted private counsel's request for additional time, this Court found there was cause external to the defense which prevented appellate review of Petitioner's PCR claims. (ECF No. 23, at 12).

> "Cause," however, is not synonymous with "a ground for relief." A finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted.

*Martinez v. Ryan*, 566 U.S. 1, 17 (2012). *Martinez* reversed and remanded the case to determine if the attorneys were ineffective and to address the question of prejudice. *Id.* at 18. Petitioner in this case also needed to establish prejudice, and he attempted to do so under *Martinez*. (ECF No. 19, at 14). *Martinez* required Petitioner to demonstrate his claims are substantial, "which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14. (ECF No. 23, at 12).

All but one of the federal ineffective assistance of counsel claims were raised in the amended PCR motion, they were litigated at an evidentiary hearing, decided by the motion court, and briefed for the appeal. The only thing missing to complete the exhaustion requirement was a decision by the appellate review process. Given this record, this Court found no need to hold an evidentiary hearing. The Court could determine whether any of these claims demonstrated prejudice, or they had some merit.

Petitioner argues the Court's review applied a far stricter standard than the certificate of appealability standard that was applied in *Martinez*. (ECF No. 26, at 6). He states that under this

6

standard, Petitioner must show that "jurists of reason could disagree" with how the issue should be resolved. *Id*. (citing *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017)).

*Buck* was a capital case in which the jury could only impose a death sentence if it found Mr. Buck was likely to commit acts of violence in the future. Mr. Buck's trial counsel called a psychologist who testified that Mr. Buck probably would not engage in violent conduct. However, the psychologist also stated "one of the factors pertinent in assessing a person's propensity for violence was his race, and that Buck was statistically more likely to act violently because he is black." 137 S. Ct. at 767. At the close of the psychologist's testimony, his report was admitted into evidence. During jury deliberations, the jury requested the psychology reports which had been admitted into evidence. The psychologist's report was provided to the jury. The jury returned a sentence of death. *Id.* at 768-69.

The same psychologist provided similar testimony in *Saldano v. Texas,* 530 U.S. 1212 (2000). The State of Texas confessed error on that ground and asked the Court to grant Saldano's petition for certiorari, vacate the state court judgment, and remand the case. The Court did so. *Buck*, 137 S. Ct at 769. Texas then determined the same psychologist provided similar testimony in six other cases. Mr. Buck was one of the six. The Attorney General confessed error, waived any available procedural defenses, and consented to resentencing in the cases of five of those six defendants. Mr. Buck was the one defendant treated differently. *Id.* at 770.

Mr. Buck attempted to raise this issue without success, and in the end, requested a certificate of appealability from the Fifth Circuit Court of Appeals. Mr. Buck was again denied. The Supreme Court held, at the certificate of appealability stage, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to

deserve encouragement to proceed further.'" *Id.* at 773 (quoting *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003)). The Supreme Court reversed and remanded, finding Mr. Buck had demonstrated ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and an entitlement to relief under Rule 60(b)(6). *Id.* at 780.

This Court recognizes the standards set forth in *Martinez* and *Buck.* However, the records in those cases are materially different from Petitioner's case. With respect to the ineffective assistance of counsel claims which had been raised in the amended petition, and are also presented in this petition as grounds two through six and ground eight, the Court carefully considered each claim to determine if there was "cause and prejudice," and whether the claim "had some merit." The Court found these claims did not have merit and were not "substantial" under the *Martinez* standard. None of the claims establish prejudice. Therefore, Petitioner was procedurally barred and not entitled to habeas relief on any of these claims.

Ground seven alleged Petitioner received ineffective assistance of counsel when his trial counsel failed to request a continuance to test a digital audio recording, but this claim was not raised in either the pro se or amended PCR motions. The federal petition argues "if trial counsel had requested a continuance and had Deputy Hey's audio recording examined, there is a reasonable probability that the outcome of the trial would have been different." (ECF No. 1, at 34). Petitioner provides no specific facts as to how this recording would have undermined the evidence presented at trial so as to cause a different result. A petitioner must support his claims with specific allegations, and Petitioner failed to do so. Petitioner failed to show this ground had any merit; therefore, it was not a "substantial" claim under *Martinez.* Petitioner was procedurally barred and not entitled to habeas relief on this claim.

Petitioner's Rule 59(e) motion did not demonstrate any manifest errors of law or fact, nor did he present newly discovered evidence. The Court finds no basis under Rule 59(e) to alter or amend its judgment denying Petitioner's 28 U.S.C. § 2254 Motion. Thus, the Court will deny Petitioner's Motion to Alter or Amend Judgment on the ineffective assistance of counsel claims.

B.  Certificate of Appealability

In his second argument, Petitioner asserts the Court erred in denying him a certificate of appealability. A habeas petitioner is entitled to a certificate of appealability if he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must prove "something more than the absence of frivolity," but is not required to prove that some jurists would grant the petition for habeas corpus. *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).

The Supreme Court, in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), articulated what a habeas petitioner must show in order to be granted a certificate of appealability under 28 US.C. § 2254 when a claim has been procedurally defaulted. *Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006). *Slack* created three rules to guide a court's consideration of whether a certificate of appealability should be issued:

> 1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims the certificate should not be issued; but 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted.

465 F.3d at 863 (citing *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002)). The Court found Petitioner failed to establish prejudice, and therefore, his claims are clearly procedurally defaulted. The Court also found there is no merit to his constitutional claims. Therefore, Petitioner is not entitled to a certificate of appealability.

9

Petitioner argues these issues are debatable among jurists of reason. (ECF No. 26, at 3-4). Petitioner further asserts that doubts as to whether to issue a certificate of appealability should be resolved in favor of Petitioner. *Id*. at 3 (citing *Fuller v. Johnson*, 114 F.3d 491, 495 (5th Cir. 1997)). The Court does not agree. The Court does not find these issues are debatable among jurist of reason, nor does the Court find doubt as to whether a certificate of appealability should be granted. Petitioner failed to make a "substantial showing of the denial of a constitutional right" as required by § 2253(c)(2). The Court will not alter its judgment to grant Petitioner's request for a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment, or in the Alternative for a Certificate of Appealability, is **DENIED**.

So Ordered this 7th day of May, 2021.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE